Owen M. Rumelt
SLEVIN & HART, P.C.
Attorneys for Plaintiffs
614 Hempstead Gardens Drive
West Hempstead, NY 11552
(516) 203-7570
     - and -
1625 Massachusetts Avenue N.W., Suite 450
Washington D.C. 20036
(202) 797-8700
(202) 234-8231 (fax)
orumelt@slevinhart.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE 32BJ NORTH PENSION FUND and its BOARD
OF TRUSTEES,

                                             Plaintiffs,

                         -against-

NUTRITION MANAGEMENT SERVICES COMPANY,
a/k/a NUTRITION MANAGEMENT SERVICES, INC. a/k/a
NUTRITION MANAGEMENT SERVICES CORP.

                                   Defendant.
------------------------------------------------------------------------X

**COMPLAINT**

Case No.

Plaintiffs, the 32BJ North Pension Fund (the "Pension Fund") and its Board of Trustees (the "Pension Trustees"), by their attorneys, Slevin & Hart, P.C., hereby complain of Nutrition Management Services Company ("Nutrition" or the "Defendant") as follows:

**Introduction**

      1.     This claim is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended.  The Pension Fund (the "Fund") seeks a money judgment awarding delinquent contributions, audit costs, interest, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's failure to pay contributions pursuant to a collective bargaining agreement.

2.      Plaintiffs also seek injunctive relief pursuant to ERISA and pursuant to the Labor Management Relations Act of 1948 ("LMRA"), to enjoin the prospective failure of Defendant to make contributions due to the Funds in violation of Section 515 of ERISA, 29 U.S.C. § 1145, and in violation of the provisions of the respective Trust Agreements governing the Funds.

**Jurisdiction and Venue**

3.      The jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331 and 1337, Section 502 of ERISA, 29 U.S.C. §§ 1132 and 1451, and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Fund is administered at 25 West 18th Street, New York, New York.

**Parties**

5.      Plaintiff Fund is a multiemployer employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

6.      Plaintiffs Trustees (the "Trustees") are Trustees of the Pension Fund and are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Fund is administered in New York, New York.  The Trustees bring this action on behalf of the Fund and its participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

7.      At all times pertinent to this action, Defendant was an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).  Upon information and belief, Defendant is, and, at all

times relevant hereto, has been, a Pennsylvania corporation with a principal place of business at 2071 Kimberton Road, Kimberton, Pennsylvnia.

## Factual Allegations

8.      Defendant and Local 32BJ, Service Employees International Union ("Union") have been, at all times pertinent to this action, parties to one or more collective bargaining agreements and memoranda of agreements (collectively, the "Agreement") obligating the Defendant to make monthly contributions to the Funds for all employees covered by the Agreement.

9.      The terms of the Agreement obligated the Defendant to be bound by the terms and provisions of the Fund's Agreement and Declaration of Trust (the "Trust Agreement"), including all amendments thereto.

10.      The Agreement and the Trust Agreement require Defendant to submit monthly contributions to the Fund at the rates set forth in the Agreement.

11.      The Trust Agreement binds Defendant to the Fund's policies and rules regarding the collection of delinquent contributions adopted by the Trustees (the "Delinquency Policy").

12.      The Delinquency Policy requires Defendant to submit monthly remittance reports and pension contributions to the Fund, establishes the Fund's interest rate on delinquent contributions at nine (9%) per annum, and provides for liquidated damages equal to the greater of interest or 20% of the unpaid contributions in the event the Fund brings suit to collect delinquent employer contributions.

13.      The Trust Agreement and the Delinquency Policy require the Defendant to submit to periodic audits by the Fund's auditors to ensure that its monthly reporting is accurate.

14.      Following a payroll audit conducted by the Fund and the 32BJ North Health Fund (the "Health Fund") for services performed during the period of January 1, 2008 to June 30, 2011

(the "First Audit"), it was determined that Defendant owed $131,518.01 in delinquent contributions to the Pension Fund and to the Health Fund (the "First Audit Delinquency"), together with interest accrued thereon.

15.     During the period of September 30, 2011 through May 5, 2015, Defendant remitted the sum of $250,649.26 (the "Payments") to the Pension Fund and the Health Fund towards the First Audit Delinquency and the interest accrued thereon.

16.     Following application of the Payments toward the First Audit Delinquency and interest accrued thereon, Defendant remains indebted to the Pension Fund for contributions for the period of October 2009 to June 2011 in the amount of $126,652.75 (the "First Audit Delinquency Balance") and interest accrued thereon, as of November 2, 2015, in the amount of $42,018.49.

17.     Following a payroll audit conducted by the Funds for services performed during the period of July 1, 2011 to May 31, 2013 (the "Second Audit"), the Fund determined that Defendant owed $36,061.46 in delinquent contributions (the "Second Audit Delinquency"), together with interest accrued thereon at the rate of nine (9%) percent per annum from the date the contributions became due until payment.

18.     As of November 2, 2015, interest has accrued on Second Audit Delinquency in the amount of $9,535.08.

19.     Defendant has failed to remit contributions due and owing the Pension Fund for the period of February 2015 through April 2015 in the amount of $4,465.60 (the "Current Delinquency").

20.      As of November 2, 2015, interest has accrued on the Current Delinquency in the amount of $285.54.

21.     The Delinquency Policy provides that contributions are due on the 20th of the month following the month of service for which the contributions are due.

22.     The Delinquency Policy further provides that all costs incurred to determine, discover and collect delinquent contributions shall be due to the Funds from the delinquent employer.

23.     Accordingly, Defendant is liable for attorneys fees and costs incurred in this action.

**COUNT 1**
**VIOLATIONS OF ERISA AND THE TRUST AGREEMENT**

24.     Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

25.     By the foregoing conduct, Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145, and Section 302 of the LMRA, 29 U.S.C. § 186, as well as the terms of the Agreement, the Trust Agreement, and the Delinquency Policy.

26.     Under Section 502(g)(2) of ERISA, the Fund is entitled to recover the unpaid contributions, interest, liquidated damages, and attorneys' fees and costs.

27.     Defendant owes contributions in the amount of $167,179.81 (the "Total Delinquency") to the Fund for services performed during the period of October 2009 to April 2015.

28.     Defendant owes $51,839.11 in interest on the delinquent contributions as of November 2, 2015, with interest continuing to accrue thereafter until payment of the contributions due and owing.

29.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Trust Agreement, and the Delinquency Policy, the Fund is entitled to liquidated damages in an amount equal to the greater of 20% of the Total Delinquency or the interest that has accrued on that Delinquency.

Accordingly, Defendant owes liquidated damages on the pension contributions in the minimum amount of $51,839.11, which is the greater of 20% of the Total Delinquency ($33,435.96) or the interest accrued on that Delinquency.

30.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g), the Trust Agreement, and the Delinquency Policy, the Fund is also entitled to attorneys' fees and costs incurred in collection of the unpaid contributions.

**Prayer for Relief**

**WHEREFORE,** Plaintiffs respectfully request entry of a judgment:

(a)     Awarding Plaintiffs the amounts due the Fund under the terms of the Trust Agreement, the Delinquency Policy and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, including (i) delinquent contributions in the amount of $167,179.81 for services performed during the period of October 1, 2009 to April 30, 2015; (ii) interest, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), on all contributions due, from the dates they become due and owing through the earlier of date of payment or the date of entry of judgment, at the rate of nine (9%) percent per annum; (iii) liquidated damages, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), in an amount equal to the interest accrued on the liquidated damages; (iv) the attorneys' fees and costs incurred by the Fund in pursuing the delinquent amounts, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and (v) such additional contributions that may become delinquent during the pendency of this action or that become ascertainable based on the Fund's subsequent review of the Defendant's employment records;

(b)     Ordering Defendant to pay Plaintiffs' attorneys' fees and the costs of this action, including fees and costs incurred in the execution of any judgment awarded, as set forth in the Fund's Trust Agreement and Section 502(g) of ERISA, as amended, 29 U.S.C. § 1132(g); and

6

        (c)       Granting Plaintiffs such further and other relief as to the Court may be just and proper.

Dated: West Hempstead, NY
       November 3, 2015

                                  Respectfully submitted,

                                   /s/ Owen M. Rumelt
                              Owen M. Rumelt
                              SLEVIN & HART, P.C.
                              Attorneys for Plaintiffs
                              614 Hempstead Gardens Drive
                              West Hempstead, NY 11552
                              (516) 203-7570
                                   - and -
                              1625 Massachusetts Avenue N.W., Ste. 450
                              Washington D.C. 20036
                              (202) 797-8700
                              (202) 234-8231 (fax)
                              orumelt@slevinhart.com

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20336254v1